IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KENDELL MURPHY | § | |
| v. | § | CIVIL ACTION NO. 6:10cv508 |
| BARRY S. ANDREWS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

The Plaintiff Kendell Murphy, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. There are three defendants remaining in the case: Officer Barry Andrews, Sgt. Sherman Cooper, and Captain James Danheim.

Murphy complains that Officer Andrews repeatedly denied him food over an extended period of time in retaliation for a confrontation which he had with the officer. He stated that Andrews told him that as long as he, Murphy, was in administrative segregation, he would "starve and rot in his cell." Murphy said that he had talked to Cooper personally, with Andrews present, and that Andrews said that he would continue to deny food, showers, and recreation to Murphy. Despite this, however, Cooper did nothing.

The parties have filed motions for summary judgment. After review of the pleadings and summary judgment evidence, the Magistrate Judge issued a Report on October 11, 2011, recommending that Danheim be granted summary judgment, but that Andrews, Cooper, and Murphy be denied summary judgment. The parties have filed objections to the Report.

In their objections, the Defendants argue first that the Prison Litigation Reform Act bars Eighth Amendment claims for which there is no physical injury, citing 42 U.S.C. §1997e(e) and Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001). In fact, this section provides that claims for recovery of mental and emotional damages are barred absent a showing of a specific physical injury. Herman, 238 F.3d at 665 (stating that "as the district court correctly noted, under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e), Herman may not recover for emotional or mental damages without a showing of a physical injury.") As the Fifth Circuit has made clear, §1997e(e) does not preclude an inmate from recovering nominal or punitive damages, even absent the showing of a physical injury. Hutchins v. McDaniels, 512 F.3d 193, 197 (5th Cir. 2007). The Defendants' statement that "if an inmate fails to present evidence of a physical injury, his civil rights claims are required to be dismissed, regardless of the evidence of the constitutional claim" is simply incorrect. The assertion that Murphy failed to show causation for the physical injuries which he asserted is based upon this same theory and is similarly without merit.

Next, the Defendants contend that Murphy had "no competent evidence" that the defendants caused a deprivation, again tying this in with the assertion that Murphy did not show that the deprivation of food caused him to lose a specific amount of weight. They likewise contend that Murphy offered no evidence to support his claims against Sgt. Cooper, inasmuch as Cooper had conducted investigations of Murphy's complaints. Murphy's sworn pleadings and testimony showed that Andrews told him, in Cooper's presence, that he, Andrews, intended to continue to deny Murphy meals, showers, and recreation, but that Cooper said nothing and took no action. The Defendants argue that Murphy offered no evidence concerning Cooper but make no mention of Murphy's pleadings and testimony, which are competent summary judgment evidence. Al-Ra'id v. Ingle, 69 F.3d 28, 32 (5th Cir. 1995). This objection is without merit.

The Defendants go on to object to the Magistrate Judge's determination on Murphy's retaliation claim, saying that there was no evidence that the allegedly retaliatory disciplinary cases were fabricated. They point to the disciplinary cases themselves as proof that the cases were not

fabricated, along with an affidavit from Andrews. In their motion for summary judgment, the Defendants state that it is "undisputed" that Murphy threatened Andrews, giving rise to the disciplinary cases, but fail to show that this is "undisputed," particularly in light of the fact that Murphy disputes it. This objection is without merit.

The Defendants next take issue with the Magistrate Judge's conclusion that the disciplinary cases are not barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). The Magistrate Judge cited published and unpublished Fifth Circuit precedent stating that favorable termination of an allegedly retaliatory disciplinary proceeding is not a requisite of a retaliation claim, but the Defendants argue that these cases, including Woods v. Smith, 69 F.3d 1161, 1164 (5th Cir. 1995) as well as Muse v. Sheriff's Dept., Ouachita Parish, 405 Fed.Appx. 872, 2010 WL 5186759 (5th Cir., December 21, 2010) and Williams v. Hinyard, 395 Fed.Appx. 124, 2010 WL 3680828 (5th Cir., September 14, 2010) were wrongly decided. The cases which the Defendants cite do not support such a conclusion. This objection is without merit.

Finally, the Defendants assert that they are entitled to summary judgment on the basis of qualified immunity, but their contention in this regard is based upon an application of their version of the facts. As the Magistrate Judge correctly stated, summary judgment on the issue of qualified immunity must be denied if a dispute exists as to the underlying historical facts. Lampkin v. City of Nacogdoches, 7 F.3d 430, 434-35 (5th Cir. 1993). Because such a dispute exists in this case, the Defendants' objections are without merit.

In his objections to the Magistrate Judge's Report, Murphy says that the Magistrate Judge found that Andrews "failed to show that there was no genuine issue of material fact" and that when viewed in the light most favorable to the plaintiff, the evidence was sufficient to overcome the defendants' motion for summary judgment; consequently, Murphy says, he is confused as to why his motion for summary judgment was denied. Like the Defendants, Murphy has failed to show that there is no genuine issue of material fact, and so summary judgment cannot be granted in his favor. When reviewing motions for summary judgment, the evidence is viewed in the light most favorable

to the non-movant.  Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994).  Thus, when reviewing the Defendants' motion for summary judgment, the evidence is viewed in the light most favorable to Murphy, and when reviewing Murphy's motion for summary judgment, the evidence is viewed in the light most favorable to the Defendants.  When the evidence is viewed in the light most favorable to the Defendants, it is clear that Murphy failed to show that there are no disputed issues of fact and that he is entitled to judgment as a matter of law.  Thus, Murphy's motion for summary judgment cannot be granted, and his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the parties' motions for summary judgment, the Report of the Magistrate Judge, and the parties' objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff and the Defendants are without merit.  It is accordingly

ORDERED that the parties' objections are overruled and the Report of the Magistrate Judge (docket no. 106) is ADOPTED as the opinion of the Magistrate Judge.  It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 85) is GRANTED with regard to the claims against Captain Danheim, and DENIED as to the claims against Barry Andrews and Sherman Cooper.  It is further

ORDERED that the claims against Captain Danheim are DISMISSED and that Captain Danheim is hereby dismissed as a party to this lawsuit.  Danheim's motions to dismiss for failure to exhaust administrative remedies (docket no.'s 75 and 78 are DENIED as moot.  Finally, it is

ORDERED that the Plaintiff's motions for summary judgment (docket no. 76) and motion to grant motion for summary judgment (docket no. 89) are DENIED.

**It is SO ORDERED.**

**SIGNED this 23rd day of November, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE